[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 10, 2010
JOHN LEY
CLERK

No. 09-12654
Non-Argument Calendar

_____

D. C. Docket No. 09-00051-CR-01-JEC-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS HURTADO O'CAMPO,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 10, 2010)

Before TJOFLAT, EDMONDSON and WILSON, Circuit Judges.

PER CURIAM:

Carlos Hurtado O'Campo appeals the denial of a motion to suppress in his drug conspiracy conviction, 21 U.S.C. §§ 841(b)(1)(B)(vii), 846. No reversible error has been shown; we affirm.

In reviewing the denial of a motion to suppress, we review "the findings of fact for clear error and the application of law to those facts de novo." United States v. Mercer, 541 F.3d 1070, 1073-74 (11th Cir. 2008), cert. denied, 129 S.Ct. 954 (2009). And we construe all facts in the light most favorable to the prevailing party. Id. at 1074.

O'Campo first argues that the plain language of the search warrant authorized the seizure of no items from his residence because the search revealed no illegal drugs; and the items seized as indicative of marijuana manufacturing were not, by themselves, subject to seizure. A search warrant must "particularly describ[e] the place to be searched, and the persons or things to be seized." United States v. Khanani, 502 F.3d 1281, 1289 (11th Cir. 2007).

Here, the warrant authorized seizure of (1) marijuana; (2) raw materials, products, and equipment which could have been used or were intended for use in the manufacturing of marijuana and were "themselves subject to seizure;" and (3)

2

moneys and other things of value found in close proximity to controlled substances. While the search of O'Campo's residence revealed no illegal drugs, a search of the basement revealed many items associated with marijuana growing operations -- including a ballast, an amp, a molded case, a track adapter, and digital timers -- which officers seized.

Based on the plain language of the warrant, officers properly were authorized to seize the items which were to be used in the construction of a marijuana grow house. The presence of illegal drugs was not required to make these items subject to seizure. Although these items could be used for legitimate purposes, as O'Campo suggests, here the seized items were incriminating on their face because, before entering the house, executing officers had probable cause to believe that the house contained a marijuana growing operation. Therefore, the items seized were evidence of the marijuana manufacturing offense and were "themselves subject to seizure."

The district court here did conclude that certain seized items -- including a treadmill, a child's four-wheeler, several electronics items, and documents -- were beyond the scope of the search warrant and ordered that these items be suppressed. O'Campo argues that the district court should have granted total suppression because the executing officers acted in flagrant disregard for the terms of the

search warrant: seizing anything of value from his home.

A search does not become invalid merely because some items not covered by a warrant are seized. United States v. Schandl, 947 F.2d 462, 465 (11th Cir. 1991) (explaining that "[t]his is especially true where the extra-warrant items were not received into evidence against the defendant"). Total suppression of all items seized, including properly seized items, "may be appropriate if the executing officers' conduct exceeds any reasonable interpretation of the warrant's provisions." United States v. Wuagneux, 683 F.2d 1343, 1354 (11th Cir. 1982) (citations omitted). But "absent a 'flagrant disregard' of the terms of the warrant, the seizure of items outside the scope of a warrant will not affect the admissibility of items properly seized." Id.

Although some improper seizures occurred here, we conclude that the executing officers did not flagrantly disregard the terms of the search warrant. The executing officer, Slade McCullogh, testified that he seized these items, in part, because they were items of value and could indicate ill-gotten gains or living above one's means; but the warrant authorized seizure of things of value only if those things were in close proximity to controlled substances. That the executing officer may not have fully understood what the warrant covered is insufficient to support a conclusion of flagrant disregard. McCullough attempted to stay within the

boundaries of the warrant by contacting the District Attorney's Office to inquire about what items could be seized. The DA's office advised McCullough that he was authorized to seize electronic equipment and other things of value. Thus, McCullough exercised some discretion in executing the warrant and did not simply seize all things of value.[1] We cannot say that McCullough's misunderstanding of the warrant or lack of judgment demonstrated flagrant disregard warranting total suppression.[2]

O'Campo finally challenges the district court's conclusion that the seizure of certain sales receipts was proper under the plain view doctrine, contending that the record does not support the court's assumption that the incriminating nature of the receipts immediately was apparent to McCullough. "The 'plain view' doctrine permits a warrantless seizure where (1) an officer is lawfully located in the place from which the seized object could be plainly viewed and must have a lawful right of access to the object itself; and (2) the incriminating character of the items is immediately apparent." United States v. Smith, 459 F.3d 1276, 1290 (11th Cir.

---

[1] We reject O'Campo's argument that the police department had a policy of seizing all things of value during searches to enhance the budget of the Sheriff's office. McCullough's testimony indicated that the amount he seized depended on the amount of drugs found and that seized items could enhance the office's budget.

[2] Contrary to O'Campo's argument, the court did realize that it had the discretion to suppress all seized evidence as it noted that total suppression "may" be appropriate in certain cases; the district court simply chose not to exercise this discretion. That the court admonished McCullough for some of his practices did not amount to a conclusion of flagrant disregard.

5

2006). For an item's incriminating character to be "immediately apparent," an officer merely needs probable cause to believe the item is contraband. Texas v. Brown, 103 S.Ct. 1535, 1543 (1983). The government bears the burden of proving an exception to the warrant requirement. United States v. McGough, 412 F.3d 1232, 1237 n.4 (11th Cir. 2005).

Here, McCullough found a plastic bag hidden in the insulation of the attic, which contained sales receipts of transactions from local building supply stores. Construing all facts in favor of the government, we see no error in the district court's conclusion that the incriminating character of the receipts immediately was apparent. McCullough testified that the receipts were inside the bag. Therefore, the district court made an obvious inference that McCullough looked inside the bag. See United States v. Van Horn, 789 F.2d 1492, 1499 (11th Cir. 1986) (district court permitted to draw "obvious inference" that federal agents knew that defendant was target of a state investigation because agents knew that the state had wiretapped defendant's phone).[3]

And McCullough had probable cause to believe that the receipts were contraband given his testimony at the suppression hearing that (1) he observed the

---

[3]That McCullough lawfully was in the attic where the bag was seized is not in dispute. Whether McCullough looked into the bag while still in the attic or later does not matter because he was authorized to look in the bag for drugs.

6

basement being converted into a marijuana grow house; (2) before the search, he had received information that a codefendant purchased equipment from a Lowe's or Home Depot store; (3) the receipts matched this information; and (4) he previously had found contraband in the insulation of attics. See Brown, 103 S.Ct. at 154 (probable cause "merely requires that the facts available to the officer would warrant a man of reasonable caution in the belief . . . that certain items may be contraband"). Therefore, the district court concluded permissibly that the incriminating character of the receipts, which bore the logos of home improvement stores, immediately was apparent to McCullough and admitted the receipts under the plain view doctrine.

AFFIRMED.